Law Library

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM1089-10 |
| vs. | |
| | DECISION AND ORDER |
| ROGERLEE CRUZ CARPELA, | ON DEFENDANT'S MOTION TO DISMISS |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on November 22, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with Making a False Report as a Misdemeanor. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

### DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II. See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II,* the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite

proceedings against Defendant. The Government believes that good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II.* That is the crux of the issue before the Court now. Does good cause delay exist where the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

Defendant argues that Supreme Court, in *Rasauo II,* aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard for Defendant not incarcerated. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32. Defendant argues that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found. Defendant concludes by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's first appearance within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for many courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the Superior Court is required to adjust calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II.*

This Court finds no relevant controlling precedent in case law to base its decision, but

finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2006).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II*. Here, there were more than 60 days from complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The Court dated the arraignment hearing to be January 19, 2011 at 10:00a.m. when filing the initial summons on December 15, 2010. The Complaint was filed December 1, 2010, which means that the arraignment hearing was scheduled within the 60 day limit. Defendant did not show and it is not known whether or not Defendant was adequately notified of that hearing. In a perfect world, the Defendant would have been arraigned in less than 60 days after the Complaint was file. Yet, Defendant did not appear and it is not clear whether or not Marshals put forth enough effort to locate Defendant which would create a good cause excuse for violation of the Prompt Arraignment Rule. It is abundantly clear, however, that if Defendant purposely delayed service or intentionally failed to appear after being notified of a hearing date, good cause would be found. It is also apparent that if the Defendant did nothing to delay service, or had no notice of a hearing date, and the Marshalls put forth lackluster efforts to notify Defendant then good cause would not be found.

As the Supreme Court said only good cause would prevent dismissal, it becomes the Government's burden to show good cause once the 60 day window has expired. Yet, the Government cites to a number of attempts in which the Marshalls tried serving Defendant with

the summons and eventually a bench warrant. The Magistrate Court's request for bench warrant filed on February 24, 2011 included a checked off portion that stated "Reasonable and diligent attempts were made by the Deputy Marshal to personally serve the defendant a copy of the Summons, but without success". However, no attempts of service were logged in the Court file. The Court must assume that a bench warrant was issued because locating the Defendant was difficult as attempts at normal service failed to bring the Defendant to court. The Court must also assume that good cause exists for delay beyond the 60 days where a defendant cannot reasonably be located as many jurisdictions have found similarly. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 815 So. 2d 1222, 1224-24 (Miss. App. 2001); *See also Henson v. State*, 832 S.W. 2d 269 (Ark. App. 1992); *See also State v. Vailencour*, 914 P.2d 767 (Wash. App. 1996).

After Defendant was served a copy of the bench warrant and arrested on March 22, 2011, he was not arraigned until April 13, 2011. There were 49 days between the filing of the complaint and Defendant's first FTA[1]. The Court finds that 11 days remain on the clock if good cause is found to exist in the inability to properly serve and bring Defendant to Court. Yet, here, there appears to be an effort to serve the Defendant a summons and eventually a bench warrant was issued for his arrest. The Court must find good cause to exist where every effort possible was made to contact Defendant, notify him of the arraignment hearing and get him to court. Absent other evidence the Court must presume that public officers have fulfilled their official duties. *U.S. v. Chemical Foundation*, 272 U.S. 1, 6 (1926); *See The Confiscation Cases*, 87 U.S. 92 (1873). Here, nothing suggests the Marshals were inadequate in their attempts to locate and serve Defendant and Defendant brought no evidence or made suggestions otherwise. In addition, there were several attempts made to locate and serve the Defendant.[2] Thus, there must be good cause found for the delay that went beyond the 49 days that expired as the Marshalls made attempts to serve Defendant and are presumed to have carried out their duties. Good cause

---

[1] 8 GCA § 1.25(a) discusses the method in which computation of time is done. The first day in which the event or time to be calculated begins is not included in the determination.

[2] In Defendant's Reply, Defendant refers to two affidavits of non-service which goes to show that the Marshals attempted and failed to locate Defendant multiple times.

existed in the time frame from issuance of the bench warrant to service of that warrant. Defendant's Prompt Arraignment Right was not violated as less than 60 days expired where good cause was not found to excuse the delay. In addition, the Marshals took almost a month to locate Defendant after the Bench Warrant was issued. That time period must be good cause found to excuse delay and the length of time is indicative of the difficulty in locating Defendant. Good cause also exists in the time it took Defendant and his freshly appointed attorney to get up to speed.[3] Thus, the Court could subject a criminal case to dismissal by scheduling arraignment outside the 60 day window, but dismissal will not happen in the present case as all delay over 49 days was attributable to good cause due to the difficulty in finding Defendant.

In other decisions recently handed out by this Court regarding *Rasauo II* motions, this Court denied or granted dismissal based on the evidence to support a good faith effort by the Marshals to locate and serve Defendant. If Defendant appeared hard to locate as evidenced by any record of non-service or other indication, like what was present in the instant case, the case should not be dismissed. If evidence reflects on the ease of finding the Defendant, such as a short time in locating Defendant after issuance of the Bench Warrant, then this Court likely will dismiss the matter. Here, the Court is confident from the record and statements made by Defendant in his Reply to the Government's Opposition, that Defendant was difficult to locate and the Government and the Court did the most possible to bring Defendant to arraignment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. The Parties will return March 13, 2012 at 10:00a.m. for a Criminal Trial Setting.

So **ORDERED** this 5th day of March, 2012.



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAR 05 2012

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[3] 8 GCA § 45.30(c) requires that the Court gives reasonable time to allow a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing the case with counsel allows the defendant to understand the significance of the arraignment process. *Hamilton v. Alabama,* 368 U.S. 52 (1961)